JOURNAL ENTRY AND OPINION.
{¶ 1} The sole issue in this appeal is whether the court erred by imposing more than the minimum term of incarceration upon defendant Adam Nelson, a first-time felony offender. Nelson pleaded guilty to felonious assault, aggravated burglary, and kidnapping. The court imposed five year sentences on each count, to be served concurrently. Nelson complains that the court failed to articulate sufficient reasons as to why it did not impose the minimum sentence.
 {¶ 2} The sentencing law carries a presumption that offenders who have not previously served a prison term receive the minimum term. See R.C. 2929.14(B). That presumption may be overcome, however, if the court finds on the record that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Id. In State v.Edmonson (1999), 86 Ohio St.3d 324, 328, the supreme court held that a court which sentences an offender to more than the minimum must only state its findings for giving more than the minimum, but not its reasons.
 {¶ 3} After considering at length the circumstances surrounding Nelson's offenses, the court found on the record that "a prison sentence is appropriate. To do otherwise would demean the seriousness of defendant's conduct." This statement fully complied with the findings required by R.C. 2929, 14(B) for imposing more than the minimum sentence. The court had no obligation to state its reasons for making that finding. The assigned error is overruled.
Judgment affirmed.
ANNE L. KILBANE, J., and ANN DYKE, J., concur.